1  CHRISTINE D. BARAN, SBN 158603
   cbaran@laborlawyers.com
2  COLIN P. CALVERT, SBN 275195
   ccalvert@laborlawyers.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Attorneys for Defendants
   BAMBURY INCORPORATED dba CARNEROS DELI,
7  and CATHERINE BONNEAU VINEYARD LLC

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  BYRON CHAPMAN                    Case No:  4:16-cv-01275-KAW

13  ,              Plaintiff,        *[This case has been assigned to Judge*
                                     *Kandis A. Westmore]*
14       v.
                                     **DEFENDANTS' ANSWER AND**
15  CARNEROS DELI; CATHERINE         **AFFIRMATIVE DEFENSES**
    BONNEAU VINEYARD LLC, a
16  California Limited Liability
    Company; BAMBURY                 Complaint Filed:   3/15/16
17  INCORPORATED, a California       Trial Date:        None Set
    Corporation dba CARNEROS DELI,
18
                    Defendants,
19

20

21       Defendants BAMBURY INCORPORATED dba CARNEROS DELI,

22  CARNEROS DELI, and CATHERINE BONNEAU VINEYARD LLC

23  (hereinafter "Defendants") hereby answer the Complaint of Plaintiff BYRON

24  CHAPMAN ("Plaintiff"), filed on March 15, 2016 and provide notice of their

25  Affirmative Defenses to same as follows.

26  ///

27  ///

28  ///

                                  1

1

2

**SPECIFIC RESPONSES**

**INTRODUCTION**

3       1.      In answering paragraph 1 of the Complaint, the allegations contained

4  therein constitute legal assertions, conclusions, and/or argument to which no

5  response is required; however, to the extent that any response is required,

6  Defendants deny the allegations contained in paragraph 1 of the Complaint.

7       2.      In answering paragraph 2 of the Complaint, the allegations contained

8  therein constitute legal assertions, conclusions, and/or argument to which no

9  response is required; however, to the extent that any response is required,

10  Defendants deny the allegations contained in paragraph 2 of the Complaint.

11       3.      In answering paragraph 3 of the Complaint, Defendants lack sufficient

12  information regarding Plaintiff's alleged physical disabilities and patronage history

13  to either admit or deny Plaintiff's allegations and therefore, Defendants deny

14  Plaintiff's allegations.  Otherwise, the allegations contained therein constitute legal

15  assertions, conclusions, and/or argument to which no response is required;

16  however, to the extent that any response is required, Defendants deny the

17  allegations contained in paragraph 3 of the Complaint.

18                  **JURISDICTION AND VENUE**

19       4.      In answering paragraph 4 of the Complaint, the allegations contained

20  therein constitute legal assertions, conclusions, and/or argument to which no

21  response is required; however, to the extent that any response is required,

22  Defendants deny the allegations contained in paragraph 4 of the Complaint.

23       5.      In answering paragraph 5 of the Complaint, Defendants admit

24  CARNEROS DELI is located at 23001 Arnold Drive, Sonoma, CA 95476.

25  Otherwise, the allegations contained therein constitute legal assertions,

26  conclusions, and/or argument to which no response is required; however, to the

27  extent that any response is required, Defendants deny the allegations contained in

28  paragraph 5 of the Complaint.

1

## PARTIES

2   6.   In answering paragraph 6 of the Complaint, Defendants lack sufficient

3   information regarding Plaintiff's alleged physical disabilities to either admit or

4   deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.

5   Otherwise, the allegations contained therein constitute legal assertions,

6   conclusions, and/or argument to which no response is required; however, to the

7   extent that any response is required, Defendants deny the allegations contained in

8   paragraph 6 of the Complaint.

9   7.   In answering paragraph 7(a)-(1) of the Complaint, the allegations

10  contained therein constitute legal assertions, definitions, conclusions, and/or

11  argument to which no response is required; however, to the extent that any response

12  is required, Defendants deny the allegations contained in paragraph 7(a)-(1) of the

13  Complaint.

14  ## PRELIMINARY FACTUAL ALLEGATIONS

15  8.   In answering paragraph 8 of the Complaint, Defendants lack sufficient

16  information regarding Plaintiff's alleged physical disabilities to either admit or

17  deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.

18  Otherwise, the allegations contained therein constitute legal assertions,

19  conclusions, and/or argument to which no response is required; however, to the

20  extent that any response is required, Defendants deny the allegations contained in

21  paragraph 8 of the Complaint.

22  9.   In answering paragraph 9 of the Complaint, Defendants admit

23  CARNEROS DELI is located at 23001 Arnold Drive, Sonoma, CA 95476.

24  Otherwise, the allegations contained therein constitute legal assertions,

25  conclusions, and/or argument to which no response is required; however, to the

26  extent that any response is required, Defendants deny the allegations contained in

27  paragraph 9 of the Complaint.

28  ///

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO: 4:16-CV-01275-KAW

1    10.    In answering paragraph 10 of the Complaint, Defendants deny each

2  and every allegation in paragraph 10 of the Complaint.

3    11.    In answering paragraph 11 of the Complaint, Defendants admit

4  Defendant Bambury Incorporated is the owner of Defendant Carneros Deli.

5  Otherwise, Defendants deny each and every allegation in paragraph 11 of the

6  Complaint.

7    12.    In answering paragraph 12 of the Complaint, Defendants admit that

8  Bambury Incorporated owns and operates Carneros Deli and that Carneros Deli is

9  open to the general public.  Otherwise, Defendants deny the allegations contained

10  in paragraph 12 of the Complaint.

11    13.    In answering paragraph 13 of the Complaint, Defendants deny each

12  and every allegation in paragraph 13 of the Complaint.

13    14.    In answering paragraph 14 of the Complaint, the allegations contained

14  therein constitute legal assertions, definitions, conclusions, and/or argument to

15  which no response is required; however, to the extent that any response is required,

16  Defendants deny the allegations contained in paragraph 14 of the Complaint.

17    15.    In answering paragraph 15 of the Complaint, the allegations contained

18  therein constitute legal assertions, definitions, conclusions, and/or argument to

19  which no response is required; however, to the extent that any response is required,

20  Defendants deny the allegations contained in paragraph 15 of the Complaint.

21    16.    In answering paragraph 16 of the Complaint, Defendants deny each

22  and every allegation in paragraph 16 of the Complaint.

23    17.    In answering paragraph 17 of the Complaint, Defendants admit

24  Carneros Deli maintained and maintains handicap signage at its facility and is and

25  was handicap accessible and handicap usable.  Otherwise, the allegations contained

26  therein constitute legal assertions, definitions, conclusions, and/or argument to

27  which no response is required; however, to the extent that any response is required,

28  Defendants deny the allegations contained in paragraph 17 of the Complaint.

4

18.    In answering paragraph 18 of the Complaint, Defendants lack sufficient information regarding Plaintiff's allegations contained therein and therefore, Defendants deny Plaintiff's allegations.

19.    In answering paragraph 19 of the Complaint, Defendants lack sufficient information regarding Plaintiff's allegations contained therein and therefore, Defendants deny Plaintiff's allegations.

20.    In answering paragraph 20 of the Complaint, Defendants lack sufficient information regarding Plaintiff's allegations contained therein and therefore, Defendants deny Plaintiff's allegations.

21.    In answering paragraph 21 of the Complaint, Defendants lack sufficient information regarding Patrick Connally's alleged physical disabilities and patronage history to either admit or deny Plaintiff's allegations.  Therefore, Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.    In answering paragraph 22 of the Complaint, Defendants lack sufficient information regarding Patrick Connally's patronage history to either admit or deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations. Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.    In answering paragraph 23 of the Complaint, Defendants lack sufficient information regarding Patrick Connally's patronage history to either admit or deny Plaintiff's allegations.  Therefore, Defendants deny Plaintiff's allegations. Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the

1  extent that any response is required, Defendants deny the allegations contained in

2  paragraph 23 of the Complaint.

3       24.    In answering paragraph 24 of the Complaint, Defendants admit

4  Carneros Deli received correspondence purportedly signed by Patrick Connally as

5  quoted in Plaintiff's Complaint.

6       25.    In answering paragraph 25 of the Complaint, Defendants admit the

7  allegations contained therein.

8       26.    In answering paragraph 26 of the Complaint, Defendants admit

9  Carneros Deli received correspondence purportedly signed by Patrick Connally as

10  quoted in Plaintiff's Complaint.

11       27.    In answering paragraph 27 of the Complaint, Defendants admit the

12  allegations contained therein.

13       28.    In answering paragraph 28 of the Complaint, Defendants lack

14  sufficient information regarding Plaintiff's patronage history to either admit or

15  deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.

16       29.    In answering paragraph 29 of the Complaint, Defendants lack

17  sufficient information regarding Plaintiff's alleged physical disabilities and

18  patronage history to either admit or deny Plaintiff's allegations and therefore

19  Defendants deny Plaintiff's allegations.   Otherwise, the allegations contained

20  therein constitute legal assertions, conclusions, and/or argument to which no

21  response is required; however, to the extent that any response is required,

22  Defendants deny the allegations contained in paragraph 29 of the Complaint.

23       30.    In answering paragraph 30 of the Complaint, Defendants lack

24  sufficient information regarding Plaintiff's alleged physical disabilities and

25  patronage history to either admit or deny Plaintiff's allegations and therefore,

26  Defendants deny Plaintiff's allegations.   Otherwise, the allegations contained

27  therein constitute legal assertions, conclusions, and/or argument to which no

28  response is required; however, to the extent that any response is required,

6

1   Defendants deny the allegations contained in paragraph 30 of the Complaint.

2         31.   In answering paragraph 31 of the Complaint, Defendants lack

3   sufficient information regarding Plaintiff's alleged physical disabilities and

4   patronage history to either admit or deny Plaintiff's allegations and therefore,

5   Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained

6   therein constitute legal assertions, conclusions, and/or argument to which no

7   response is required; however, to the extent that any response is required,

8   Defendants deny the allegations contained in paragraph 31 of the Complaint.

9         32.   In answering paragraph 32 of the Complaint, Defendants lack

10  sufficient information regarding Plaintiff's alleged physical disabilities and

11  patronage history to either admit or deny Plaintiff's allegations and therefore,

12  Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained

13  therein constitute legal assertions, conclusions, and/or argument to which no

14  response is required; however, to the extent that any response is required,

15  Defendants deny the allegations contained in paragraph 32 of the Complaint.

16        33.   In answering paragraph 33 of the Complaint, Defendants lack

17  sufficient information to either admit or deny Plaintiff's allegations and therefore,

18  Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained

19  therein constitute legal assertions, conclusions, and/or argument to which no

20  response is required; however, to the extent that any response is required,

21  Defendants deny the allegations contained in paragraph 33 of the Complaint.

22        34.   In answering paragraph 34 of the Complaint, Defendants lack

23  sufficient information to either admit or deny Plaintiff's allegations and therefore,

24  Defendants deny Plaintiff's allegations.

25        35.   In answering paragraph 35 of the Complaint, Defendants lack

26  sufficient information to either admit or deny Plaintiff's allegations and therefore,

27  Defendants deny Plaintiff's allegations. Further, the allegations contained therein

28  constitute legal assertions, definitions, conclusions, and/or argument to which no

7

1  response is required; however, to the extent that any response is required,

2  Defendants deny the allegations contained in paragraph 35 of the Complaint.

3      36.    In answering paragraph 36 of the Complaint, Defendants lack

4  sufficient information to either admit or deny Plaintiff's allegations and therefore,

5  Defendants deny Plaintiff's allegations.  Further, the allegations contained therein

6  constitute legal assertions, definitions, conclusions, and/or argument to which no

7  response is required; however, to the extent that any response is required,

8  Defendants deny the allegations contained in paragraph 36 of the Complaint.

9      37.    In answering paragraph 37 of the Complaint, Defendants lack

10  sufficient information to either admit or deny Plaintiff's allegations and therefore,

11  Defendants deny Plaintiff's allegations.  Further, the allegations contained therein

12  constitute legal assertions, definitions, conclusions, and/or argument to which no

13  response is required; however, to the extent that any response is required,

14  Defendants deny the allegations contained in paragraph 37 of the Complaint.

15      38.    In answering paragraph 38 of the Complaint, Defendants lack

16  sufficient information to either admit or deny Plaintiff's allegations and therefore,

17  Defendants deny Plaintiff's allegations.  Specifically, Defendants are unaware of

18  the "architectural barriers" Plaintiff complains of, as well as the extent of Plaintiff's

19  patronage at Carneros Deli. Defendants deny Defendant Bonneau Vineyard LLC

20  was at any time either owner, operator, or lessor of Defendant Carneros Deli.

21  Otherwise, the allegations contained therein constitute legal assertions, definitions,

22  conclusions, and/or argument to which no response is required; however, to the

23  extent that any response is required to Plaintiff's additional allegations, Defendants

24  deny the allegations contained in paragraph 38 of the Complaint.

25      39.    In answering paragraph 39 of the Complaint, the allegations contained

26  therein constitute legal assertions, definitions, conclusions, and/or argument to

27  which no response is required; however, to the extent that any response is required,

28  Defendants deny the allegations contained in paragraph 39 of the Complaint.

8

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO: 4:16-CV-01275-KAW

40.    In answering paragraph 40 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations. Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    In answering paragraph 41 of the Complaint, Defendants lack sufficient information regarding Plaintiff's alleged physical disabilities and patronage history to either admit or deny Plaintiff's allegations and therefore Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    In answering paragraph 42 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    In answering paragraph 43 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    In answering paragraph 44 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 44 of the Complaint.

///

9

45.     In answering paragraph 45 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     In answering paragraph 46 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.  Otherwise, in answering paragraph 46 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     In answering paragraph 47 of the Complaint, Defendants lack sufficient information regarding Plaintiff's alleged physical disabilities and patronage history to either admit or deny Plaintiff's allegations and therefore, Defendants deny Plaintiff's allegations.  Otherwise, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     In answering paragraph 48 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore Defendants deny Plaintiff's allegations.  Defendants deny Defendant Bonneau Vineyard LLC was at any time either owner, operator, or lessor of Defendant Carneros Deli.  Otherwise, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required to Plaintiff's additional allegations, Defendants deny the allegations contained in paragraph 38 of the Complaint.

///

49.    In answering paragraph 49 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.    In answering paragraph 50 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.    In answering paragraph 51 of the Complaint, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    In answering paragraph 52 of the Complaint, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    In answering paragraph 53 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    In answering paragraph 54 of the Complaint, Defendants lack sufficient information regarding Plaintiff's state of mind to either admit or deny Plaintiff's allegations and therefore Defendants deny Plaintiff's allegations. Further, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required to Plaintiff's additional allegations, Defendants deny the allegations contained in paragraph 38 of the Complaint.

55.    In answering paragraph 55 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 55 of the Complaint.

///

1    56.    In answering paragraph 56 of the Complaint, the allegations contained

2  therein constitute legal assertions, definitions, conclusions, and/or argument to

3  which no response is required; however, to the extent that any response is required,

4  Defendants deny the allegations contained in paragraph 56 of the Complaint.

5    57.    In answering paragraph 57 of the Complaint, Defendants are unaware

6  of "CANNERS DELI" and therefore, unable to admit or deny any allegations

7  regarding the same.  Defendants deny Defendant Bonneau Vineyard LLC was at

8  any time either owner, operator, or lessor of Defendant Carneros Deli.  Otherwise,

9  the  allegations  contained  therein  constitute  legal  assertions,  definitions,

10  conclusions, and/or argument to which no response is required; however, to the

11  extent that any response is required to Plaintiff's additional allegations, Defendants

12  deny the allegations contained in paragraph 57 of the Complaint.

13    58.    In answering paragraph 58 of the Complaint, Defendants are unaware

14  of "CANNERS DELI" and therefore, unable to admit or deny any allegations

15  regarding the same.  Otherwise, the allegations contained therein constitute legal

16  assertions, definitions, conclusions, and/or argument to which no response is

17  required;  however,  to  the  extent  that  any  response  is  required  to  Plaintiff's

18  additional allegations, Defendants deny the allegations contained in paragraph 58

19  of the Complaint.

20    59.    In answering paragraph 59 of the Complaint, Defendants lack

21  sufficient information to either admit or deny Plaintiff's allegations and therefore

22  Defendants deny Plaintiff's allegations.  Further, the allegations contained therein

23  constitute legal assertions, definitions, conclusions, and/or argument to which no

24  response is required; however, to the extent that any response is required to

25  Plaintiff's additional allegations, Defendants deny the allegations contained in

26  paragraph 59 of the Complaint.

27  ///

28  ///

1

## **FIRST CAUSE OF ACTION**

2       60.     In answering paragraph 60 of the Complaint, Defendants herein

3 incorporate by reference their responses to paragraphs 1-59 of the Complaint as set

4 forth above.

5       61.     In answering paragraph 61 of the Complaint, the allegations contained

6 therein constitute legal assertions, definitions, conclusions, and/or argument to

7 which no response is required; however, to the extent that any response is required,

8 Defendants deny the allegations contained in paragraph 61 of the Complaint.

9       62.     In answering paragraph 62 of the Complaint, the allegations contained

10 therein constitute legal assertions, definitions, conclusions, and/or argument to

11 which no response is required; however, to the extent that any response is required,

12 Defendants deny the allegations contained in paragraph 62 of the Complaint.

13       63.     In answering paragraph 63 of the Complaint, the allegations contained

14 therein constitute legal assertions, definitions, conclusions, and/or argument to

15 which no response is required; however, to the extent that any response is required,

16 Defendants deny the allegations contained in paragraph 63 of the Complaint.

17       64.     In answering paragraph 64 of the Complaint, the allegations contained

18 therein constitute legal assertions, definitions, conclusions, and/or argument to

19 which no response is required; however, to the extent that any response is required,

20 Defendants deny the allegations contained in paragraph 64 of the Complaint.

21       65.     In answering paragraph 65 of the Complaint, the allegations contained

22 therein constitute legal assertions, definitions, conclusions, and/or argument to

23 which no response is required; however, to the extent that any response is required,

24 Defendants deny the allegations contained in paragraph 65 of the Complaint.

25       66.     In answering paragraph 66 of the Complaint, Defendants are unaware

26 of "CANNERS DELI" and therefore, unable to admit or deny any allegations

27 regarding the same. Otherwise, the allegations contained therein constitute legal

28 assertions, definitions, conclusions, and/or argument to which no response is

required; however, to the extent that any response is required to Plaintiff's additional allegations, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     In answering paragraph 67 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     In answering paragraph 68 of the Complaint, Defendants are unaware of "CANNERS DELI" and therefore, unable to admit or deny any allegations regarding the same.

69.     In answering paragraph 69 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     In answering paragraph 70 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     In answering paragraph 71 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 71 of the Complaint.

**SECOND CAUSE OF ACTION**

72.     In answering paragraph 72 of the Complaint, Defendants herein incorporate by reference their responses to paragraphs 1-71 of the Complaint as set forth above.

73.     In answering paragraph 73 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to

14

1  which no response is required; however, to the extent that any response is required,

2  Defendants deny the allegations contained in paragraph 73 of the Complaint.

3     74.   In answering paragraph 74 of the Complaint, the allegations contained

4  therein constitute legal assertions, definitions, conclusions, and/or argument to

5  which no response is required; however, to the extent that any response is required,

6  Defendants deny the allegations contained in paragraph 74 of the Complaint.

7     75.   In answering paragraph 75 of the Complaint, the allegations contained

8  therein constitute legal assertions, definitions, conclusions, and/or argument to

9  which no response is required; however, to the extent that any response is required,

10  Defendants deny the allegations contained in paragraph 75 of the Complaint.

11     76.   In answering paragraph 76 of the Complaint, Defendants are unaware

12  of "CANNERS DELI" and therefore, unable to admit or deny any allegations

13  regarding the same.  Otherwise, the allegations contained therein constitute legal

14  assertions, definitions, conclusions, and/or argument to which no response is

15  required; however, to the extent that any response is required, Defendants deny the

16  allegations contained in paragraph 76 of the Complaint

17     77.   In answering paragraph 77 of the Complaint, Defendants lack

18  sufficient information regarding Plaintiff's alleged physical disabilities and

19  patronage history to either admit or deny Plaintiff's allegations and therefore

20  Defendants deny Plaintiff's allegations.  Defendants are unaware of "CANNERS

21  DELI" and therefore, unable to admit or deny any allegations regarding the same.

22  Otherwise, the allegations contained therein constitute legal assertions,

23  conclusions, and/or argument to which no response is required; however, to the

24  extent that any response is required, Defendants deny the allegations contained in

25  paragraph 77 of the Complaint.

26     78.   In answering paragraph 78 of the Complaint, Defendants are unaware

27  of "CANNERS DELI" and therefore, unable to admit or deny any allegations

28  regarding the same.  Otherwise, the allegations contained therein constitute legal

1  assertions, definitions, conclusions, and/or argument to which no response is
2  required; however, to the extent that any response is required, Defendants deny the
3  allegations contained in paragraph 78 of the Complaint

4      79.    In answering paragraph 79 of the Complaint, the allegations contained
5  therein constitute legal assertions, definitions, conclusions, and/or argument to
6  which no response is required; however, to the extent that any response is required,
7  Defendants deny the allegations contained in paragraph 79 of the Complaint.

8      80.    In answering paragraph 80 of the Complaint, Defendants lack
9  sufficient information to either admit or deny Plaintiff's allegations and therefore
10  Defendant's deny Plaintiff's allegations.  Otherwise, the allegations contained
11  therein constitute legal assertions, conclusions, and/or argument to which no
12  response is required; however, to the extent that any response is required,
13  Defendants deny the allegations contained in paragraph 80 of the Complaint.

14      81.    In answering paragraph 81 of the Complaint, Defendants lack
15  sufficient information to either admit or deny Plaintiff's allegations and therefore
16  Defendant's deny Plaintiff's allegations.  Otherwise, in answering paragraph 81 of
17  the Complaint, the allegations contained therein constitute legal assertions,
18  definitions, conclusions, and/or argument to which no response is required;
19  however, to the extent that any response is required, Defendants deny the
20  allegations contained in paragraph 81 of the Complaint.

21                          **THIRD CAUSE OF ACTION**

22      82.    In answering paragraph 82 of the Complaint, Defendants herein
23  incorporate by reference their responses to paragraphs 1-81 of the Complaint as set
24  forth above.

25      83.    In answering paragraph 83 of the Complaint, the allegations contained
26  therein constitute legal assertions, definitions, conclusions, and/or argument to
27  which no response is required; however, to the extent that any response is required,
28  Defendants deny the allegations contained in paragraph 83 of the Complaint.

16

84.     In answering paragraph 84 of the Complaint, Defendants are unaware of "CANNERS DELI" and therefore, unable to admit or deny any allegations regarding the same.  Otherwise, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     In answering paragraph 85 of the Complaint, Defendants are unaware of "CANNERS DELI" and therefore, unable to admit or deny any allegations regarding the same.  Otherwise, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     In answering paragraph 86 of the Complaint, Defendants are unaware of "CANNERS DELI" and therefore, unable to admit or deny any allegations regarding the same.

87.     In answering paragraph 87 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore Defendant's deny Plaintiff's allegations.  Otherwise, in answering paragraph 87 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     In answering paragraph 88 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore Defendant's deny Plaintiff's allegations. Otherwise, in answering paragraph 88 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the

17

1 | allegations contained in paragraph 88 of the Complaint.

2 |      89.   In answering paragraph 89 of the Complaint, the allegations contained

3 | therein constitute legal assertions, definitions, conclusions, and/or argument to

4 | which no response is required; however, to the extent that any response is required,

5 | Defendants deny the allegations contained in paragraph 89 of the Complaint.

6 | **FOURTH CAUSE OF ACTION**

7 |      90.   In answering paragraph 90 of the Complaint, Defendants herein

8 | incorporate by reference their responses to paragraphs 1-89 of the Complaint as set

9 | forth above.

10 |      91.   In answering paragraph 91 of the Complaint, the allegations contained

11 | therein constitute legal assertions, definitions, conclusions, and/or argument to

12 | which no response is required; however, to the extent that any response is required,

13 | Defendants deny the allegations contained in paragraph 91 of the Complaint.

14 |      92.   In answering paragraph 92 of the Complaint, the allegations contained

15 | therein constitute legal assertions, definitions, conclusions, and/or argument to

16 | which no response is required; however, to the extent that any response is required,

17 | Defendants deny the allegations contained in paragraph 92 of the Complaint.

18 |      93.   In answering paragraph 93 of the Complaint, the allegations contained

19 | therein constitute legal assertions, definitions, conclusions, and/or argument to

20 | which no response is required; however, to the extent that any response is required,

21 | Defendants deny the allegations contained in paragraph 93 of the Complaint.

22 |      94.   In answering paragraph 94 of the Complaint, Defendants lack

23 | sufficient information to either admit or deny Plaintiff's allegations and therefore,

24 | Defendants deny Plaintiff's allegations. Defendants are unaware of "CANNERS

25 | DELI" and therefore, unable to admit or deny any allegations regarding the same.

26 | Otherwise, the allegations contained therein constitute legal assertions,

27 | conclusions, and/or argument to which no response is required; however, to the

28 | extent that any response is required, Defendants deny the allegations contained in

paragraph 94 of the Complaint.

95.    In answering paragraph 95 of the Complaint, Defendants lack sufficient information to either admit or deny Plaintiff's allegations and therefore Defendant's deny Plaintiff's allegations.  Otherwise, in answering paragraph 95 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.    In answering paragraph 96 of the Complaint, the allegations contained therein constitute legal assertions, definitions, conclusions, and/or argument to which no response is required; however, to the extent that any response is required, Defendants deny the allegations contained in paragraph 96 of the Complaint.

## PRAYER

With respect to the remaining paragraphs in the Complaint, specifically those contained on pg. 33, line 1 through pg. 35, line 10, Defendants allege that such paragraphs constitute prayers for relief to which no response is necessary.  To the extent that any response is necessary, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.   Except as expressly alleged and denied, Defendants do not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's prayers and based thereon deny each and every allegation contained therein and each and every part thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff is estopped by his conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein, specifically

1  Plaintiff failed to take reasonable measure to learn of or use the accessible facilities

2  at Carneros Deli

### THIRD AFFIRMATIVE DEFENSE

4      3.      By his conduct, Plaintiff has waived any right to recover any relief

5  sought in the Complaint, or in any purported cause of action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

7      4.      To the extent Plaintiff suffered any symptoms of mental or emotional

8  distress or injury, it was the result of a pre-existing psychological disorder or

9  alternative concurrent cause, and not the result of any act or omission of

10  Defendants.

### FIFTH AFFIRMATIVE DEFENSE

12      5.      Plaintiff did not exercise ordinary care on his own behalf, and his own

13  acts and omissions proximately caused and/or contributed to the loss, injury,

14  damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from

15  Defendants, if any, should be reduced in proportion to the percentage of Plaintiffs'

16  negligence or fault.

### SIXTH AFFIRMATIVE DEFENSE

18      6.      Plaintiff is not entitled to recover punitive or exemplary damages from

19  Defendants on the grounds that any award of punitive or exemplary damages would

20  violate Defendants' constitutional rights under the Due Process Clauses of the Fifth

21  and Fourteenth Amendments of the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

23      7.      Plaintiff should not recover any damages because Defendants acted in

24  the good-faith belief that their actions were lawful.

### EIGHTH AFFIRMATIVE DEFENSE

26      8.      Defendants' acts with respect to Plaintiff, if any, were privileged or

27  otherwise justified, as such activities were proper, fair and legitimate business

28  activities, and/or business related reasons and were neither arbitrary, capricious,

nor unlawful, but were undertaken to protect Defendants' economic interest and/or relations.

## NINTH AFFIRMATIVE DEFENSE

9.      The damages requested by Plaintiff are speculative and without justification in law or fact.

## TENTH AFFIRMATIVE DEFENSE

10.     Any recovery on any purported cause of action alleged in Plaintiff's Complaint, is barred in whole or in part by Plaintiff's failure to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's request for injunctive relief is barred by the fact that Plaintiff has an adequate remedy at law in that they also request monetary damages, interest, and an award of attorneys' fees and costs.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's by reason of his acts, conduct and omissions, are barred from recovery by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims fail because Plaintiff did not personally encounter any of the violations alleged within the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     These answering Defendants provided Plaintiff full and equal enjoyment of the subject facilities.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     These answering Defendants did not intentionally impede or impair access of the subject facilities to Plaintiff, and to the extent any discriminatory conduct occurred, which these answering Defendants deny, such conduct was not intentional.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   If these answering Defendants are responsible in any respect for any injuries or damages suffered by Plaintiff, which these answering Defendants deny, such injuries or damages have been caused by or contributed to by others, and these answering Defendants' proportional liability, if any, should be reduced to the extent thereof.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   If the damages alleged by Plaintiff occurred, which these answering Defendants deny, they were solely caused by Plaintiff's conduct, or were contributed to by Plaintiff's conduct. Plaintiff's recovery, if any, should be reduced by an amount proportionate to Plaintiff's conduct contributing to the alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   To the extent the subject facilities violated any accessibility requirements, which these answering Defendants deny, curing the access barriers is not readily achievable, nor are alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or would result in an undue burden on Defendants and others.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   To the extent the subject facilities violated any accessibility requirements, which these answering Defendants deny, any alleged wrongful acts or omissions claimed by Plaintiff do not subject Defendants to liability because any and all alterations to the facility, if any were made to ensure the facility would be readily accessible to the maximum extent feasible.

## TWENTIETH AFFIRMATIVE DEFENSE

20.   To the extent the subject facilities violated any accessibility requirements, which these answering Defendants deny, any alleged wrongful acts or omissions claimed by Plaintiff do not subject Defendants to liability because the

22

1   scope and cost of any and all alteration to the path of travel to the altered area

2   containing a primary function, if any, would be disproportionate to the cost of the

3   overall alteration of the primary function area, if any.

4   ### TWENTY-FIRST AFFIRMATIVE DEFENSE

5        21.    Any alleged wrongful acts or omissions claimed by Plaintiff do not

6   subject Defendants to liability because Defendants accommodated Plaintiffs'

7   alleged disability by providing services via alternative methods other than the

8   removal of alleged architectural barriers.

9   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

10        22.    Any alleged wrongful acts or omissions claimed by Plaintiff do not

11   subject Defendants to liability as the alterations being proposed by Plaintiffs on

12   Defendants are not required under Federal or California law as they would impose

13   an undue burden upon Defendants.

14   ### TWENTY-THIRD AFFIRMATIVE DEFENSE

15        23.    Plaintiff's claims are barred because he failed to request any

16   modification, alternative services, or other changes to Carneros Deli prior to

17   initiating his lawsuit.

18   ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

19        24.    Plaintiff's claims are barred to the extent he is a vexatious litigant.

20   ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

21        25.    Defendants did not intentionally impede or impair access to Plaintiff

22   and allege that to the extent any alleged discriminatory conduct occurred, which

23   Defendants expressly deny, that such conduct was not intentional.

24   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25        26.    These answering Defendants are small businesses pursuant to Civil

26   Code section 55.56, and corrected all alleged violations of accessibility

27   requirements within 30 days of having been served with the complaint.

28   ///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff failed to satisfy all notice and procedural requirements prior to filing a cause of action against Defendants alleging violations of accessibility requirements.

WHEREFORE, these answering Defendants pray as follows:

1.    That Plaintiff take nothing by his Complaint for damages;

2.    That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendants recover its costs of suit herein, including its reasonable attorneys' fees; and

4.    That the court award such other and further relief as it deems appropriate.

Dated: May 4, 2016                    Respectfully submitted,

FISHER & PHILLIPS LLP


By:    /s/ Christine D. Baran
CHRISTINE D. BARAN
COLIN P. CALVERT
Attorneys for Defendants
BAMBURY INCORPORATED dba
CARNEROS DELI, and CATHERINE
BONNEAU VINEYARD LLC

24

**CERTIFICATE OF SERVICE**

    I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

    On May ⟨, 2016 I served the foregoing document entitled **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Thomas E. Frankovich, Esq.        Attorneys for Plaintiff
THOMAS E. FRANCOVICH a       BYRON CHAPMAN
Professional Law Corporation
1832-A Capital Street
Vallejo, CA 94590
Tel: (415) 444-5800
Fax: (415) 674-9900
tfrankovich@disabilitieslaw.com

☐    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed May ⟨, 2016 at Irvine, California.

Jill McIntee              By: _____
_____
Print Name                           Signature

FPDOCS 31641030.1